UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| TYDUNTRAE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 3:23-cv-50142 |
| | ) | |
| v. | ) | |
| | ) | |
| HENNIG INC. D/B/A HENNIG ENCLOSURE SYSTEMS, and YES STAFFING, LLC, | ) ) ) ) | Jury Trial Demanded |
| Defendants. | | |

## COMPLAINT

Plaintiff, Tyduntrae Jackson ("Plaintiff") in support of his Complaint against Hennig Inc. d/b/a Hennig Enclosure Systems and Yes Staffing, LLC ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") seeking redress for Defendants' race-based discrimination and retaliation under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Western Division, pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) insofar as Defendants operate and transact business in this judicial district and the events giving rise to Plaintiff's claims

occurred within this District.

4. Plaintiff was employed by Defendants as an "employee" within the meaning of 42 U.S.C § 2000e(f).

5. During the applicable limitations period, Defendants have at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

6. At all relevant times, Defendants have continuously been under contract for services rendered in Illinois, and have continuously been a joint employer, which both Defendants generally controlled the terms and conditions of the employment of Plaintiff.

## ADMINISTRATIVE PREREQUISITES

7. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5, have occurred or been complied with.

8. A charge of employment discrimination on basis of race, color, and retaliation was filed by the Plaintiff against Defendants with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

9. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## PARTIES

10. At all times material to the allegations of this Complaint, Plaintiff resides in Winnebago County in the State of Illinois.

11. At all times material to the allegations in this Complaint, Defendant, Hennig Inc. d/b/a Hennig Enclosure Systems is a corporation doing business in and Winnebago County whose

address is 9900 N. Alpine Dr., Machesney Park, IL 61115.

12. At all times material to the allegations in this Complaint, Defendant, Yes Staffing, LLC is a corporation doing business in and Winnebago County whose address is 9950 N. Alpine Rd., Suite 101 Machesney Park, IL 61115.

## BACKGROUND FACTS

13. The Defendants hired, Tyduntrae Jackson, (African American) as a full time employee for Hennig, Inc., d/b/a Hennig Enclosure Systems through Yes Staffing Agency on or around August 22, 2022 in a shipping position.

14. The Defendants employed the Plaintiff until the Defendants unlawfully terminated the Plaintiff because of his race (African American), skin color (brown), and for opposing unlawful discrimination.

15. The Defendants subjected the Plaintiff to discrimination and a hostile work environment because of his race.

16. The Defendants have subjected the Plaintiff to race-based discrimination and retaliation.

17. Plaintiff is member of a protected class because of his race, African-American.

18. Since the beginning of Plaintiff's employment with the Defendants, the Defendants have subjected Plaintiff to different terms and conditions of employment than others not within his protected class and have discriminated against the Plaintiff because of his race.

19. Because of the Defendants' actions, the Plaintiff suffered the adverse employment action of constant and daily racial discrimination, all which are a material changes of the employment conditions.

20. The Plaintiff met or exceed the Defendants' performance expectations during his

employment.

21. Plaintiff suffered multiple adverse employment actions such as harassment, failure to promote and termination.

22. Plaintiff can show that the adverse employment actions and the discrimination is solely because of his race.

23. Defendants subjected the Plaintiff to offensive, degrading and humiliating comments by co-workers that referenced Plaintiff's race.

24. The environment of discrimination and humiliation pervaded the entire company of both Defendants.

25. Since the Plaintiff began working at this location, the Defendants subjected him to constant racial discrimination.

26. The Plaintiff was qualified to perform the essential duties of the shipping position as the Plaintiff has several years working in shipping and logistics.

27. On or around June of 2022, the Plaintiff's Supervisor Doug Ladig (Caucasian) told the Plaintiff "there is a white, black and green wire; if you mix the black and white together you get a lot of B.S."

28. The Defendants humiliated the Plaintiff with this racist and inappropriate joke.

29. Shortly thereafter, the Plaintiff had another racial incident when the Plaintiff incorrectly placed a shackle on a part and his coworker; Paul Avvarro (Hispanic), responds to the Plaintiff was "you are a smart, dumb nigger."

30. The Plaintiff immediately filed a complaint with Mr. Ladig.

31. However, the Plaintiff's complaint went unaddressed and the Defendants took no action against Mr. Avvarro.

32. On or around July of 2022, the Plaintiff began to experience an issue with his pay.

33. The Plaintiff's employer submitted the Plaintiff's pay to the bank and then canceled it.

34. When the Plaintiff spoke to Human Resources (HR) regarding this matter, they responded to the Plaintiff by stating that they made a mistake and had to change the Plaintiff's start date to September.

35. The Owner, Mark, then offered the Plaintiff an envelope with $200.00 instead of providing him with a payroll check.

36. Non-African American employees did not experience this issue.

37. On or around August of 2022, Mr. Ladig bumped into the Plaintiff while they were passing each other.

38. Mr. Ladig then said, "Watch where you're going boy."

39. The use of the word "boy" by Mr. Lane was racial and humiliating to Plaintiff.

40. The Defendants denied the Plaintiff essential tools and equipment that that the Defendants provided to all other non-African American employees but the Plaintiff was required to buy his own at his cost.

41. The Defendants did not given the opportunity to the Plaintiff to be cross-trained in other areas; other non-African American employees were provided more opportunities than the Plaintiff.

42. On or around August of 2022, the Defendants held a cook out for their employees.

43. While at the outing the Plaintiff was approached by Mr. Ladig, to which he said, "you drink 40's, eat hog, chitins, collard greens, and stuff like that, don't you?"

44. The Plaintiff was again, highly offended and humiliated by this unprovoked racial

attack; however, Mr. Ladig just laughed at the Plaintiff and walked away.

45. The Plaintiff attempted to file a complaint with HR, however the Plaintiff's concerns again went unaddressed and the Defendants took no disciplinary action.

46. On or around September of 2022, the Plaintiff began to experience COVID-19 symptoms.

47. The Plaintiff informed Mr. Ladig and he had the Plaintiff take a COVID test while he was home.

48. The Plaintiff's test results came back positive and the Plaintiff sent a picture to Mr. Ladig.

49. Mr. Ladig instructed the Plaintiff to bring the test box to work the following day.

50. The Plaintiff explained to Mr. Ladig that he was uncomfortable doing this because his family and he were sick and did not want to expose others to the virus.

51. Mr. Ladig told the Plaintiff HR would contact the Plaintiff regarding the matter.

52. However, shortly thereafter the Defendants terminated Plaintiff's employment.

53. The Employer failed to investigate Plaintiff's complaints and ultimately terminated his employment because of his race (African American), color of skin (Brown) and in retaliation.

54. The Defendants has subjected the Plaintiff to discrimination because of his race (African-American) and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

**COUNT I**
**Violation of 42 U.S.C. § 1981**
**Race-Based Discrimination**

55. Plaintiff repeats and re-alleges paragraphs 1-54 as if fully stated herein.

56. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees

persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

57. Defendants' conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

58. Plaintiff was subjected to and harmed by Defendants' systemic and individual discrimination.

59. Defendants' unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

## COUNT II
### Violation of Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. Race-Based Harassment

60. Plaintiff repeats and re-alleges paragraphs 1-54 as if fully stated herein.

61. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and harassed the Plaintiff on the basis of his race, African-American, and color, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

62. Defendants knew or should have known of the harassment.

63. The race-based harassment was severe or pervasive.

64. The race-based harassment was offensive subjectively and objectively.

65. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to his race, African-American and his skin color, Brown.

66. Defendants acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*
Race-Based Discrimination**

67. Plaintiff repeats and re-alleges paragraphs 1-54 as if fully stated herein.

68. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on his race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

69. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

70. As a direct and proximate result of the above-alleged willful and reckless acts of Defendants, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

71. By reason of Defendants' discrimination, Plaintiff has suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

## COUNT IV
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*
Color-Based Discrimination**

72. Plaintiff repeats and re-alleges paragraphs 1-54 as if fully stated herein.

73. By virtue of the conduct alleged herein, Defendants intentionally discriminated

8

against Plaintiff based on his race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

74. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

75. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendants, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

76. By reason of Defendants' discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT V
**Violation of 42 U.S.C. § 2000e, *et seq*.**
**Retaliation**

77. Plaintiff repeats and re-alleges paragraphs 1-54 as if fully stated herein.

78. By virtue of the foregoing, Defendants retaliated against Plaintiff based on him reporting the race-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

79. Defendants' retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

80. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendants, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

81. By reason of Defendants' retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendants as follows:

  a. Back pay with interest;

  b. Payment of interest on all back pay recoverable;

  c. Front pay;

  d. Loss of benefits;

  e. Compensatory and punitive damages;

  f. Reasonable attorneys' fees and costs;

  g. Award pre-judgment interest if applicable; and

  h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 25th day of April, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
Bar No.: 6302103
**FRANKLIN JARA, ESQ.**
Bar No.: 636681
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
fjara@sulaimanlaw.com
*Attorneys for Plaintiff*